UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY L. MOURNING,<br><br>                           Plaintiff,<br><br>   v.<br><br>MILDRED S. BATEMAN; JOHN BROWN (BEING FICTITIOUS NAME),<br><br>                         Defendants. | Case No. 21-cv-01396-BAS-LL<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2);**<br><br>**(2)  DISMISSING AS MOOT PLAINTIFFS' MOTION TO APPOINT COUNSEL (ECF No. 3); AND**<br><br>**(3)  DISMISSING ACTION WITHOUT PREJUDICE** |

Before the Court is Plaintiff Jeffery Mourning's Complaint, Motion to Proceed In Forma Pauperis ("IFP"), and Motion to Appoint Counsel. (ECF Nos. 1–3.) For the reasons stated below, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"), **DENIES AS MOOT** Plaintiff's Motion to Appoint Counsel, and **DISMISSES WITHOUT PREJUDICE** the action.

**I.  IFP MOTION**

Under 28 U.S.C. § 1915, a litigant who is unable to pay the filing fee to commence a legal action because of indigency may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal.*

*Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

In Plaintiff's IFP Motion, he lists no sources of income, no expenses, and indicates that he is homeless. The Court finds this conclusive of Plaintiff's indigent status and **GRANTS** his Motion to Proceed IFP.

**II.   SCREENING**

    **A.   Standard of Review**

        1.   <u>Rule 8</u>

A complaint fails to state a claim where it does not satisfy Federal Rule of Civil Procedure 8(a). Rule 8(a) has three requirements: (1) the complaint must make "a short and plain statement of the grounds for the court's jurisdiction; (2) the complaint must make "a short and plain statement showing that the pleader is entitled to relief"; and (3) the complaint must make "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3); *see also Rivera v. First Student*, No. 18-CV-04033 NC, 2018 WL 10468016, at *2 (N.D. Cal. July 27, 2018). If a complaint does not meet these requirements, it is subject to dismissal. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of a third amended complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal of complaints that "were confusing and conclusory and not in compliance with Rule 8").

Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). This rule "applies to good claims as well as bad," and it is a reason for dismissing a complaint that is independent of Rule 12(b)(6). *McHenry*, 84 F.3d at 1179.

### 2. Failure to State a Claim

A complaint filed by a plaintiff proceeding IFP is subject to screening under 28 U.S.C. § 1915(e)(2). *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). This provision requires the court to review the complaint and dismiss the action if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To determine whether the action must be dismissed under the second ground—a failure to state a claim—the court applies "the familiar standard of Federal Rule of Civil Procedure 12(b)(6)." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Further, the court has an obligation where the plaintiff "is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court,

however, "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." *Id.*

If a *pro se* complaint fails to meet this standard, the court should not dismiss the action "without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati*, 791 F.3d at 1039 (quoting *Akhtar*, 698 F.3d at 1212).

**B.    Discussion**

The allegations in Plaintiff's Complaint are difficult to discern, both because the facts alleged are sparse and disjointed and because Plaintiff's handwriting is at times illegible. To the best of the Court's understanding, Plaintiff claims that Defendant Bateman "appeared and applied for a grant before the U.S. District Court [and] fraudulent[ly] gave information that [Plaintiff] was Jeffery Lee Whitetower" and "received at least $5,000,000,000." (Compl. ¶ 2.) In addition, he seeks equitable relief because, he claims, the "illegal and fraudulently obtained task-force for Spywar Satellite Corp." placed his photo on Jeffery Lee Whitetower's profile on national and local "most wanted" lists, where he allegedly identified as a "serial rapist." (*Id.*)

As stated above, a Complaint must state the basis for jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Under this requirement, a plaintiff bears the burden of establishing "subject matter jurisdiction." This jurisdiction can arise in two ways: (1) as "federal question" jurisdiction under 28 U.S.C. § 1331; or (2) as "diversity of citizenship" jurisdiction" under 28 U.S.C. § 1332. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 501 (2006). Under federal question jurisdiction, "courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under diversity jurisdiction, the plaintiffs have to be citizens of different states than the defendants and the "amount in controversy" must exceed $75,000. 28 U.S.C. § 1332(a); *see, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A plaintiff can allege the

"citizenship" of individuals by stating where the individual is "domiciled," or where they permanently reside. The citizenship of a corporation is where the entity is incorporated or has its principal place of business.

Here, Plaintiff's Complaint does not include enough facts for the Court to determine whether it has federal question or diversity jurisdiction. Plaintiff does not state that he is a citizen of a different state from Defendant Bateman and the other fictitious defendant. Plaintiff also has not indicated that he is seeking more than $75,000 in relief. Further, Plaintiff does not identify a federal statute or constitutional doctrine that gives rise to his claims.

To the extent Plaintiff seeks to sue Defendant Bateman for perjury, he cannot do so in this court. Perjury in federal court is not a federal question, and perjury itself in California is a crime, not the basis for a civil lawsuit. *See Meier v. Shinseki*, 626 F. App'x 706, 708–09 (9th Cir. 2015) ("[T]here is no civil cause of action for perjury under California law."); *see also Abpikar v. Hermatian*, No. 19-CV-00425-NC, 2019 WL 330465, at *2 (N.D. Cal. Jan. 25, 2019) (holding that perjury is not a federal question because it does not involve a violation of any federal law or the U.S. Constitution).

To the extent Plaintiff is claiming that his civil rights were violated, he must state this in his pleading. Further, he can only do so if Defendant Bateman is a state or federal governmental actor. *See* 42 U.S.C. § 1983; *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) ("Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."); *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing civil rights lawsuits against defendants acting under color of federal law). Similarly, if he is claiming that she committed a tort against him, she must be an employee of the government acting within the scope of her employment. *See* 28 U.S.C. §§ 1346 and 2671–80 (known as the "Federal Tort Claims Act"). However, Plaintiff includes no details about who Defendant Bateman is or what injuries her conduct purportedly caused. As

such, the Court cannot reasonably construe his allegations as arising under any of these federal causes of action.

As to Plaintiff's claim against "Spywar Satellite Corp.," the Court first notes that this entity is not properly named as a defendant in the caption. Plaintiff also fails to identify this entity's citizenship for purposes of diversity. Further, if Plaintiff is seeking to bring a tort claim against this corporation for its placement of his photo on the "most wanted" lists, this does not appear to implicate any federal statutes or constitutional rights. For this reason, the Complaint does not appear to state a "federal question" against this entity for which Plaintiff can seek relief in this Court.

Because Plaintiff has not complied with the pleading requirements in Rule 8, the Court finds dismissal appropriate under Rule 8 and U.S.C. § 1915(e)(2)(ii).

### III.   CONCLUSION AND ORDER

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), **DISMISSES AS MOOT** Plaintiff's Motion to Appoint Counsel (ECF No. 3), and **DISMISSES WITHOUT PREJUDICE** the action. Plaintiff is granted leave to amend his pleading to cure the deficiencies identified above by **October 5, 2021**. The Court cautions that if Plaintiff fails to file an amended complaint or request an extension of time to do so by this date, this action will be dismissed with prejudice.

**IT IS SO ORDERED.**

**DATED: September 7, 2021**

Hon. Cynthia Bashant
United States District Judge