UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY L. MOURNING,<br><br>            Plaintiff,<br><br>     v.<br><br>MILDRED S. BATEMAN, *et al.*,<br><br>            Defendants. | Case No. 21-cv-01396-BAS-LL<br><br>**ORDER DISMISSING PLAINTIFF'S ACTION FOR FAILURE TO SHOW CAUSE** |

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, alleging, in essence, that Defendants fraudulently represented to a United States District Court that Plaintiff's name is "Jeffrey Lee Whitetower," whom Plaintiff alleges is listed on the "national most wanted" list "as a serial rapist." (Compl., ECF No. 1.)  On September 7, 2021, this Court dismissed the Complaint with leave to amend, concluding that Plaintiff failed to comply with the pleading requirements of Federal Rule of Civil Procedure ("Rule 8") given the disjointed and incomplete nature of his allegations and that Plaintiff did not state a cognizable claim for relief.  (Dismissal Order, ECF No. 4.)  Notably, the Court gave Plaintiff until October 5, 2021 to file an amended pleading.  (*Id.*)  October 5, 2021 came and went, yet Plaintiff did not submit an amended complaint.

On October 14, 2021, this Court ordered Plaintiff to show why this case should not be dismissed with prejudice as a sanction for his failure to follow the Dismissal Order. (Order to Show Cause, ECF No. 6.) Specifically, the Court directed Plaintiff either to file an amended complaint or seek an extension to file an amended complaint by no later than November 15, 2021. (*Id.*) Plaintiff has failed to do so. Instead, he sent the Court a letter, which it construes as a motion to transfer venue to the United States District Court for the District of Columbia. (Letter, ECF No. 8.)[1]

A district court may dismiss a plaintiff's action for his failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court). "Dismissals under Rule 41(b) . . . operate as adjudications on the merits unless the court specifies otherwise." *Costello v. United States*, 365 U.S. 265, 285 (1961).

Before dismissing the action under Rule 41(b), the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan*, 291 F.3d at 642.

On balance, these factors decisively favor dismissal. The first and second factor favor dismissal because nearly two months have passed since the Court first notified Plaintiff of the procedural and substantive defects in his action. *See Buckelew v. Gore*, No. 20-CV-00835-BAS-AGS, 2020 WL 8642149, at *1 (S.D. Cal. Nov. 12, 2020). Instead of

---

[1] Plaintiff fashions the letter as a "Letter Motion in lieu of a More Formal Motion for Change of Venue Due to Multiple Conflicts of Interest." (Letter 1.) As best this Court can tell, he seeks a transfer to the United States District Court for the District of Columbia on the ground that the allegations in his now-dismissed Complaint unearth a scheme by Defendants that purportedly renders them a threat to national security. (*Id.* 1–2.) Plaintiff asks that this matter be "turned over to the United States Department of the Secret Service, Washington D.C." (*Id.* 2.)

acknowledging this Court's Order to Show Cause, Plaintiff filed a letter seeking transfer to a different venue, despite there being no operative pleading.  The fourth factor also favors dismissal.  As Plaintiff is proceeding *in forma pauperis*, the imposition of monetary sanctions would be "inappropriate and likely ineffective" and "would not remedy Plaintiff's lack of participation."  *Johnson v. Pamplin*, No. 17-CV-00560-BAS-BLM, 2019 WL 494630, at *3 (S.D. Cal. Feb. 8, 2019).  Furthermore, this Court already sought, unsuccessfully, a less drastic remedy by ordering Plaintiff to show cause why his action should avoid dismissal.  *See Ferdik*, 963 F.2d at 1262 (holding that "a court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").  Because Plaintiff neither has complied with this Court's order to file an amended pleading nor responded to its Order to Show Cause, the Court finds that more attempts of less drastic alternatives would be futile.  The third factor is neutral, at this early stage of the litigation.  *C.f. Ferdik*, 963 F.2d at 1262 ("Without knowing who the defendants are . . . [the court is] hard pressed to determine how [the plaintiff's] failure to amend put them at a disadvantage.")  The fifth factor weighs against dismissal, but that factor is outweighed by the first, second, and fourth factors, which all weigh heavily in favor of dismissal.

Dismissal of this action is warranted for Plaintiff's repeated failures to comply with court orders.  Therefore, the Court **DISMISSES WITH PREJUDICE** this action.

**IT IS SO ORDERED.**

**DATED: November 22, 2021**

Hon. Cynthia Bashant
United States District Judge